JOURNAL ENTRY AND OPINION
{¶ 1} The defendant-insurer, Federal Insurance Company ("Federal"), appeals from a common pleas court decision granting summary judgment in favor of plaintiff Sheri Renter, both individually and as administratrix of the estate of Jonzel Renter, Sr., on her claims for underinsured motorists coverage under two policies Federal issued to her employer, National City Corporation. Renter has cross-appealed the court's determination that resident family members are not insured under one of these policies, and that a third policy is not subject to R.C. 3937.18.
 {¶ 2} This court previously announced its decision on October 30, 2003, affirming the common pleas court's decision in part and reversing it in part. We determined that there was a genuine issue of material fact whether National City Corporation, the named insured, had validly rejected uninsured/underinsured motorist ("UM/UIM") coverage under the business auto policy before the occurrence at issue. Further, we found that UM/UIM coverage was afforded by operation of law under the integrated risk policy, and that the plaintiff employee was an insured under that policy although the decedent was not. Finally, we found that the general liability policy was not an automobile liability policy as to which the insurer was required to offer UM/UIM coverage. Therefore, that policy did not afford UM/UIM coverage by operation of law.
 {¶ 3} Just six days after our decision was announced, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, significantly limiting its prior holding in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 208 and overruling Ezawa v. Yasuda Fire MarineIns. Co. (1999), 86 Ohio St.3d 1142. The appellant-insurer immediately filed a motion for reconsideration asking us to reevaluate our decision in light of this recent ruling. Appellant's motion for reconsideration is granted. We hereby vacate the journal entry and opinion released on October 30, 2003 in this case and reconsider this matter is light of Galatis.
 Factual and Procedural Background {¶ 4} On April 21, 2000, plaintiff's decedent was standing next to a stranded vehicle which he had stopped to assist on an exit ramp of Interstate 90 in Lakewood, Ohio when he was struck by a vehicle driven by Eric D. Anthony. Plaintiff's decedent died as a result of his injuries.
 {¶ 5} Anthony's vehicle was insured by Progressive Auto Insurance, with liability limits of $12,500 per person and $25,000 per accident. The vehicle the decedent was driving was owned by the decedent's employer and was insured by Nationwide Mutual Insurance Company with UM/UIM coverage of $250,000. Plaintiff also had a personal automobile liability policy issued by Guide-One Elite Insurance Company which had UM/UIM coverage limits of $100,000 per person and $300,000 per accident.
 {¶ 6} Plaintiff, the decedent's wife, was employed by National City Corporation at the time of the accident. National City carried several insurance policies with Federal, including a business auto policy, an integrated risk policy, and a general liability policy.
 {¶ 7} Plaintiff originally filed this action against the tortfeasor on July 24, 2000. She subsequently amended the complaint to name Federal, Guide-One, Nationwide and several other insurers as defendants. With respect to Federal, plaintiff sought a declaratory judgment that Federal provided UIM coverage and/or medical payments coverage under the policies it issued to National City. Both plaintiff and Federal moved for summary judgment as to the coverage afforded by each policy. On October 15, 2002, the common pleas court granted in part and denied in part each party's motion.
 {¶ 8} In its 24-page journal entry and opinion, the common pleas court first determined that National City was not self-insured as a practical matter, precluding Federal's argument that it had no obligation to offer UM/UIM coverage. Furthermore, the court found the business auto policy which Federal issued to National City afforded UM/UIM coverage by operation of law to both plaintiff and her decedent because the rejection form for such coverage was inadequate. The court held that this policy also provided medical payments coverage to both plaintiff and her decedent.
 {¶ 9} The common pleas court determined that the integrated risk policy broadened the coverage afforded under the business auto policy and therefore was itself an automobile liability policy as to which the insurer was required to offer UM/UIM coverage. Because the insurer failed to offer such coverage, the court found the coverage was provided as a matter of law. However, the court found that this coverage only extended to plaintiff individually, as an employee of National City, and not to the decedent as a family member.
 {¶ 10} Finally, the common pleas court found that the general liability insurance policy issued by Federal to National City was not an automobile liability insurance policy and therefore Federal was not required to offer UM/UIM coverage under that policy. The court expressly determined there was no just cause for delay, and thus entered final judgment as to plaintiff's claims against Federal.
 The Policy Terms Business Auto Policy {¶ 11} The business auto policy contained an Ohio UIM coverage endorsement which provided bodily injury coverage of $25,000 per accident. The language of this endorsement is identical to the policy language in Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. The policy also includes medical payments coverage. The express terms of this coverage state that Federal will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains bodily injury caused by an accident. The term "insured" is defined as "you" and "if you are an individual, any `family member'" while occupying or, while a pedestrian, when struck by, any auto. The term "you" is defined elsewhere in the policy as the named insured. An endorsement lists as named insureds National City Corporation and its various corporate subsidiaries.
 General Liability Policy {¶ 12} The general liability policy provides that Federal "will pay damages the insured becomes legally obligated to pay" because of "bodily injury" caused by an "occurrence." The policy excludes coverage for injury "arising out of the ownership, maintenance, use or entrustment to others of any" auto which the insured owns or operates. However, this exclusion does not apply to "liability for any insured arising out of the parking of an auto on or next to your premises; provided such auto is not owned by, rented or loaned to such insured."
 Integrated Risks Policy {¶ 13} The integrated risks policy provides that Federal "agrees to pay on behalf of or indemnify the Insured for all sums, subject to the Maintenance Amount and the Retention, as a result of or in connection with a Loss anywhere, which fall under any of the" listed coverages. The listed coverages include, e.g., "Third Party Liability when Discovered during thePolicy Period."
 {¶ 14} The policy defines "third party liability" as "any liability of the Insured arising out of a Claim the Insured
is obligated to pay by reason of liability imposed upon theInsured by law or in equity * * *, including" personal injury, physical injury, and "the use, possession, repossession or ownership of an Automobile * * *."
 {¶ 15} The integrated risks policy further provides:
"Fronted Insurance Policies are policies written for the Named Insured by the Company as shown on Schedule C. This policy will drop down and provide broader coverages as provided under this policy over the fronted policies and the fronted policies will be subject to the Limit of Liability of this policy. The Maintenance Amount and Retention will apply to any Loss paid by the fronted policies regardless of any deductible or retention, if any, shown on the fronted policies."
 {¶ 16} The business auto policy is listed on Schedule C.
 Law and Analysis {¶ 17} We review de novo the common pleas court's decision on summary judgment, employing the same standard the common pleas court used to determine whether summary judgment was appropriate. Summary judgment is appropriate only if (a) there is no genuine issue as to any material fact that remains to be litigated, (b) viewing the evidence in the light most favorable to the party opposing the motion, reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-movant, and (c) the moving party is entitled to judgment as a matter of law. See, e.g., Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 18} Federal's first assignment of error challenges the common pleas court's grant of summary judgment for plaintiff on the business auto policy; the second challenges the court's grant of summary judgment on the integrated risks policy. Plaintiff's cross appeal challenges the court's determination that the decedent was not insured under the integrated risks policy, and that the general liability policy was not an automobile liability policy as to which Federal was required to provide UM/UIM coverage. We address each of these arguments separately below.
 Business Auto Policy UM/UIM Coverage {¶ 19} The Supreme Court's decision in Galatis considerably simplifies our analysis of Federal's first assignment of error challenging the summary judgment entered in favor of plaintiff on the business auto policy. Several of the issues raised by the Federal in its original brief in this appeal — e.g., whether National City was self-insured and whether it validly rejected UM/UIM coverage under the business auto policy — are no longer material. Even if the business auto policy did provide UM/UIM coverage, neither plaintiff nor her decedent were insured for this loss.
 {¶ 20} In Galatis, the Supreme Court held that where an insurance policy provides UM/UIM coverage for "you," "you" is defined as the named insured, and the named insured is a corporation, corporate employees are also "insureds," but only if the loss occurs while the employee is acting within the course and scope of his or her employment. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 62. In this case, the decedent's injury and death did not occur within the course and scope of Sheri Renter's employment. Therefore, Renter, is not entitled to UM/UIM coverage under the business auto policy for this loss.
 {¶ 21} The court in Galatis also held that a policy's designation of family members of a named insured as additional insureds under a UM/UIM endorsement does not extend coverage to an employee's family members unless the employee is a named insured. Galatis, at ¶ 62. Sheri Renter was not a named insured under the business auto policy, so the decedent was not an additional insured. Therefore, neither Renter nor the decedent was entitled to UM/UIM coverage under the business auto policy.
 Medical Payments Coverage {¶ 22} The decision in Galatis must likewise inform our construction of the medical payments coverage form. The persons insured under this coverage include "you," i.e., the "named insured" corporation and, "if you are an individual, any `family member.'" The court in Galatis has construed this language to extend coverage to employees only if the loss occurs within the course and scope of their employment. This loss did not occur within the course and scope of Sheri Renter's employment. Therefore, she is not entitled to medical payments coverage under the business auto policy. Coverage extends to employees' family members only if the employee is a named insured. Sheri Renter was not a named insured, so the decedent cannot be considered an insured under the medical payments coverage.
 {¶ 23} Accordingly, we must reverse the common pleas court's determination that plaintiff was entitled to coverage under the UM/UIM and medical payments endorsements to the business auto policy, and remand with instructions to enter judgment for Federal on those claims.
 Integrated Risks Policy {¶ 24} Federal's second assignment of error challenges the summary judgment entered in favor of plaintiff on the integrated risk policy. Once again, Federal's arguments have been rendered immaterial by Galatis. Even if we found that UM/UIM coverage was provided by this policy as a matter of law, Galatis
requires that we hold that neither plaintiff nor her decedent were insured under the policy.
 {¶ 25} The integrated risks policy defines insureds to include employees of National City and its subsidiaries "in respects their employment." Thus, this policy makes explicit what the Galatis court found to be implicit, that employees are afforded coverage under their employers' policy only while they are acting within the scope of their employment. The injury to the decedent did not occur in the scope of Sheri Renter's employment. Therefore, she cannot be considered an insured under the policy with respect to this loss. The policy definition of insured persons does not include family members of employees, so the decedent also was not insured for this loss under the integrated risks policy. Therefore, we affirm the common pleas court's determination that the decedent was not an insured, reverse its decision that the employee was an insured entitled to UM/UIM coverage under this policy and remand for the entry of judgment for Federal on this claim.
 General Liability Policy {¶ 26} Plaintiff's second assignment of error on cross-appeal contends that the common pleas court erred by holding that the general liability policy is not an automobile liability policy as to which Federal was required to offer UM/UIM coverage. The general liability policy specifically excludes coverage for injury "arising out of the ownership, maintenance, use or entrustment to others of any" auto which the insured owns or operates, but provides that this exclusion does not apply to "liability for any insured arising out of the parking of an auto on or next to your premises; provided such auto is not owned by, rented or loaned to such insured." Plaintiff urges that this exception to the exclusion creates automobile liability coverage. Therefore, plaintiff claims, Federal was required to offer UM/UIM coverage and its failure to do so resulted in the imposition of such coverage as a matter of law.
 {¶ 27} We agree with the common pleas court that the coverage afforded by this exception to the exclusion from coverage does not meet the statutory definition of "automobile liability or motor vehicle liability policy of insurance" under R.C.3937.18(L), as amended by Am.Sub.H.B. No. 261. The statute defines such policies as, e.g., "[a]ny policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance."[1] "Proof of financial responsibility" means "proof of ability to respond in damages for liability "arising out of the ownership, maintenance or use of a motor vehicle * * *."
 {¶ 28} The coverage afforded by the exception to the exclusion does not apply to such liability, so this policy could not serve as proof of financial responsibility. Therefore, it is not an automobile liability or motor vehicle liability insurance policy as to which UM/UIM coverage had to be offered.
 Conclusion {¶ 29} For the foregoing reasons, we find that neither plaintiff nor her decedent were insured for UM/UIM coverage under the business auto and integrated risks policies which Federal issued to plaintiff's employer. Furthermore, we find the general liability policy was not an automobile liability policy as to which Federal was required to offer UM/UIM coverage. Accordingly, we affirm in part, reverse in part, and remand for the entry of judgment in favor of Federal.
 {¶ 30} This cause is affirmed in part and reversed in part and remanded for further proceedings not inconsistent with this opinion.
Frank D. Celebrezze, JR., P.J., concurs.
Sean C. Gallagher, J., dissents.
James D. Sweeney, J., Retired, of the eighth district court of Appeals sitting by Assignment.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The statute also includes umbrella policies of insurance as automobile liability or motor vehicle liability policies. The general liability policy is clearly not an umbrella policy, however.